IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WAYNE JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. Action No. 3:19-CV-00371-E |
| | § | |
| THE KROGER COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant The Kroger Company's Motion for Summary Judgment (Doc. No. 27). Having carefully reviewed the motion, the parties' briefing, and applicable law, the Court finds the motion should be GRANTED.

### BACKGROUND

Plaintiff Wayne Johnson alleges he sustained injuries in a slip-and-fall accident at a Kroger store in Duncanville, Texas. At the time of the accident, Kroger had placed two yellow warning cones on the floor next to a refrigerated cooler that was leaking (Doc. No. 29-1, Exs. B, E, F). The cones, which included graphics of stick figures slipping, warned "CAUTION" and "WET FLOOR" in English and Spanish (Doc. No. 29-1, Ex. I). Security camera footage of the accident shows Johnson slipped right next to one of the cones (Doc. No. 29-1, Exs. B, E, F).

Johnson filed this lawsuit, alleging negligence predicated on a theory of premises liability, against Kroger in Dallas County district court. Kroger removed the lawsuit to federal district court and moves for summary judgment, asserting it satisfied its premises-liability duty to warn Johnson of the wet floor by placing the warning cones in the immediate area where he slipped.

1

## Legal Standard

Summary judgment is appropriate when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A court must view all evidence and draw all reasonable inferences in the light most favorable to a party opposing a summary judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A court "may not make credibility determinations or weigh the evidence" in ruling on the motion. *Id.*; *Anderson*, 477 U.S. at 254-55.

The moving party bears the initial burden of showing the court there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party with the burden of proof on an issue "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When a nonmovant bears the burden of proof, the movant may demonstrate it is entitled to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Id.* at 324. "[C]onclusory allegations, speculation, and unsubstantiated assertions" will not satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). A court "resolve[s] factual controversies in favor of a nonmoving party … only when an actual controversy exists, that is,

when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

## APPLICABLE LAW

An invitee asserting a premises liability claim must prove: (1) a condition on the premises posed an unreasonable risk of harm; (2) the owner knew or reasonably should have known of the danger; (3) the defendant breached its duty of ordinary care by (a) failing to adequately warn the plaintiff of the condition or (b) failing to make the condition reasonably safe; and (4) the defendant's breach proximately caused the plaintiff's injury. *See Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 202 (Tex. 2015); *Fort Brown Villas III Condominium Ass'n Inc. v. Gillenwaler*, 285 S.W.3d 879, 883 (Tex. 2009). In exercising ordinary care, a landowner generally has "a duty to warn or make safe, but not both." *State v. Williams*, 940 S.W.2d 583, 584 (Tex. 1996).

Whether a warning is adequate turns on what is "reasonably prudent under the circumstances." *King v. Kroger Texas L.P.*, No. 3:14-CV-2905-D, 2015 WL 1823042, at *2 (N.D. Tex. Apr. 22, 2015) (quoting *Golden Corral Corp. v. Trigg*, 443 S.W.3d 515, 518 (Tex. App.—Beaumont 2014, no pet.)). "To be adequate, a warning must be more than a general instruction such as 'be careful.'" *Henkel v. Norman*, 441 S.W.3d 249, 252 (Tex. 2014). A warning is adequate if it warns of the particular condition the invitee faces. *Id.*; *Judd v. Braum's, Inc.*, No. 3:14-CV-2516, 2015 WL 11019133, at *2 (N.D. Tex. July 15, 2015). "If the evidence conclusively establishe[s] that the owner adequately warned the plaintiff of the condition, the owner cannot be found negligent as a matter of law." *Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 925 (Tex. App.—Texarkana 2010, no pet.) (citing *State*, 940 S.W.2d at 584).

ANALYSIS

Kroger asserts it is entitled to summary judgment because the summary judgment evidence conclusively shows it adequately warned Johnson that there was water on the floor in the area where he slipped. Johnson responds that the cones did not provide an adequate warning of the unreasonably dangerous condition and Kroger did not reduce or remove the risk.

The evidence shows Johnson noticed the two warning cones next to the cooler before he walked beside them and slipped (Doc. 29-1, Ex. A at 6-7, 8). Further, he acknowledged the signs indicated he should proceed with caution because there was something slippery on the floor (*Id.* at 7–8). Thus, the cones, which were clearly visible, warned of the particular condition Johnson faced – water on the floor. Under similar circumstances, courts in this district have found these types of warnings adequate as a matter of law. *See, e.g., Bethke v. Braum's, Inc.*, No. 3:18-CV-0778-C, 2019 WL 2752509, at *3 (N.D. Tex. Apr. 29, 2019) (placing "wet floor" signs that were clearly visible to plaintiff in area where defendant's employee had mopped was adequate warning as a matter of law); *Briones v. Braum's, Inc.*, No. 3:17-CV-1301-S, 2018 WL 2186429, at *2–3 (N.D. Tex. May 11, 2018) (same); *Judd*, 2015 WL 11019133, at *2–3 (same).

Johnson nevertheless contends the warning was inadequate[1] because Kroger did not specifically warn of the leaking cooler or the extent of the leak, which was not contained within the cones. Additionally, a Kroger employee who directed Johnson to the butter aisle via the wet aisle could have provided a verbal warning. Kroger's duty, however, was to warn of the particular condition that was a hazard. *Henkel*, 441 S.W.3d at 252. The fact that it could have provided

---

[1] In his response to the summary judgment motion, Johnson states Kroger's corporate representative Andrea Landry "disputes" whether the warning was adequate (Doc. No. 30-6, p. 6). This mischaracterizes Landry's testimony. Although she testified Kroger "possibly" could have done more, she specifically testified that the cones provided sufficient warning (Doc. No. 30-1, p. 138).

more specific, prominent, or additional warnings does not render the warning it provided inadequate. *See Golden Corral Corp.*, 443 S.W.3d at 519 (finding reasonably prudent person approaching yellow warning sign on floor would have understood sign warned of wet floor in sign's vicinity). Here, the two yellow cones warning of a slipping hazard due to a wet floor were adequate to alert Johnson to the particular condition and to take care. *See, e.g., Henkel*, 441 S.W.3d at 252 ("don't slip" warning "could only have been taken by a reasonable person as a warning of a specific condition—a slippery walking surface" and was not inadequate because defendant did not specifically warn of ice on walkway).

Finally, citing *Austin v. Kroger Texas, L.P.*, 465 S.W.3d at 204, Johnson asserts that no warning would be sufficient to reduce or remove the risk in this case, so Kroger was obliged to take reasonable steps, like closing the aisle or using spill pads or snakes, to make the premises safe. In *Austin*, the Texas Supreme Court recognized two exceptions in which a landowner's provision of an otherwise adequate warning may be legally insufficient to make the premises reasonably safe: (1) when "a dangerous condition results from the foreseeable criminal activity of third parties"; or (2) when "the invitee necessarily must use the unreasonably dangerous premises, and despite the invitee's awareness and appreciation of the dangers, the invitee is incapable of taking precautions that will adequately reduce the risk." *Id*.

Johnson's response does not explicitly refer to either exception and, clearly, there is no allegation of criminal activity. To the extent he intended to invoke the second "necessary use" exception, he fails to raise a genuine dispute of material fact. Although there is some summary judgment evidence that a Kroger employee directed Johnson to walk down the aisle with the wet floor to get to the butter aisle, Johnson did not testify, nor does the evidence otherwise indicate, that he had no choice but to walk right next to the cones to get to his destination. Instead, the

5

security camera footage shows Johnson could have simply walked on the other side of the aisle (and the refrigerated cooler) to get to his destination (Doc. No. 29-1, Exs. B (video 1 at 6:54) & G). Kroger's corporate representative Andrea Landry also testified to that fact:

> Q. All right. And do you see that in Exhibit 5 now that the white square next to the cones is the only remaining area for the customers to walk down the dairy aisle?
>
> A. There is another location for them to walk.
>
> Q. Past the cones?
>
> A. On the other side of the island.
>
> * * *
>
> Q. … Where, according to Kroger, were customers supposed to walk down this aisle depicted in Exhibit 5?
>
> A. If they're going to walk this direction, they could walk through here or on the other side of this island (gesturing.)
>
> Q. Oh, you mean completely other side --
>
> A. Uh-huh.
>
> Q. -- of the cooler?
>
> A. Yes.

(Doc. No. 30-1, pp. 39 & 40). Accordingly, the necessary use exception, in the event Johnson intended to raise it, does not apply. Here, Kroger's duty to Johnson was to warn or make safe, but not both. See *State*, 940 S.W.2d at 584. Given the totality of the circumstances, Kroger's warning, which Johnson observed, was adequate and, therefore, Kroger did not breach its premises liability duty to Johnson as a matter of law. *See, e.g., Bethke*, 2019 WL 2752509, at *3; *Briones*, 2018 WL 2186429, at *2–3; *Judd*, 2015 WL 11019133, at *2–3.

## CONCLUSION

For the reasons stated above, Kroger's motion for summary judgment (Doc. No. 27) is **GRANTED** and Johnson's claims against Kroger are **DISMISSED with prejudice**. The Court will enter a final judgment consistent with this order.

**SO ORDERED.**

Signed June 9, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE